UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LOURDES DENTINGER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COLLECTO, INC. d/b/a EOS CCA,<br><br>Defendant. | COMPLAINT – CLASS ACTION<br><br>CASE NO. 5:18-cv-01138<br><br>DEMAND FOR JURY TRIAL |

### COMPLAINT – CLASS ACTION

**NOW COMES** LOURDES DENTINGER ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), on behalf of herself and all others similarly situated, complaining as to the conduct of COLLECTO, INC. d/b/a EOS CCA ("Defendant") as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this class action on behalf of herself and numerous other individuals pursuant to the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 for Defendant's unlawful conduct.

#### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692k(d) and 28 U.S.C. §§1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4. Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39), residing within the Western District of Texas.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a, because she is a natural person obligated or allegedly obligated to pay any debt arising out of a transaction where the subject of the transaction was primarily for personal, family, or household purposes.

6. Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d.

7. Defendant is a receivables management company, located at 700 Longwater Drive, Norwell, Massachusetts. Defendant is in the business of collecting consumer debt for others throughout the country, including in Texas.

8. Defendant is a debt collector, as defined by 15 U.S.C. § 1692a, because it is a person who uses any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because it regularly uses the mail and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

9. Defendant is "person" as defined by 47 U.S.C. §153(39).

10. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

11. On October 4, 2018, Defendant sent Plaintiff a debt collection letter related to a debt allegedly owed to US Asset Management, Inc. in the amount of $238.67 ("subject debt").

12. A true and accurate copy of the October 4, 2018 collection letter is attached as Exhibit A.

13. The subject debt was for personal goods and services.

14. Defendant acquired the right to collect the subject debt sometime after Plaintiff allegedly defaulted on the subject debt.

15. Defendant attempted to coerce Plaintiff into paying the debt.

16. "If the debtor clearly admits the debt to be due and unpaid, and uses language indicating an intention to pay it, a new promise to pay is implied." Phillip Ross v. St. Clair Foundry Corporation, 271 Ill.App. 271, 273 (4th Dist. 1933).

17. The subject debt is time-barred; the statute of limitations period in Texas for filing suit to collect on the subject debt had long expired when Plaintiff received the collection letter.

18. It is well settled law that repayment on a debt which has expired due to the statute of limitations will be revived through payment by the debtor.

19. The collection letter listed AT&T. as the "Original Creditor" and US Asset Management, Inc. as the "Current Creditor." *See* Exhibit A.

20. The collection letter offered an account resolution settlement amount of $143.20.

21. The collection letter listed October 24, 2018, as the payment deadline to take advantage of this settlement offer.

22. The collection letter further stated, "Be advised this account is a time-barred debt and *no legal action may be filed against you.*" (emphasis added) *Id.*

23. The collection letter also included a payment coupon instructing Plaintiff to list the payment amount. *Id.*

24. The collection letter is threatening, deceptive, and misleading on its face.

25. The collection letter's language is threatening, deceptive, misleading and in violation of the FDCPA for the following reasons.

26. First, Defendant's statement that "no legal action may be filed against you" is deceptive materially misleading because an unsophisticated consumer like Plaintiff could and did understand this language to afford unfettered discretion with Defendant.

27. Furthermore, by failing to state that legal action *cannot* be taken against Plaintiff for nonpayment of the subject debt, Defendant intended that Plaintiff rely on this statement in order to restart the clock on the statute of limitations period for bringing suit in relation to the subject debt.

28. "Absent disclosures to consumers as to the age of their debt, the legal enforceability of it, and the consequences of making a payment on it, it is plausible that dunning letters seeking collection on time-barred debts may mislead and deceive unsophisticated consumers." Brief of Amici Curiae Federal Trade Commission and Consumer Financial Protection Bureau at 7, *Delgado v. Capital Management Services, LP*, 2013 WL 1194708 (No. 13-2030).

29. For example, Defendant is not bound by this language as the language does not say, for example, "under the law, no legal action *can* be filed against you."

30. Second, the language provides Defendant with the ability to changes its mind in the future and gives the impression that a potential future collector may be able to file suit on this debt.

31. Third, Defendant's letter purposely fails to advise Plaintiff of the liability she would bring upon herself by making a payment towards the subject debt.

32. As Judge Harry D. Leinenweber held in *Pierre v. Midland Credit Management, Inc.*, 16-cv-2895, Memorandum Opinion and Order, Dkt. 105, p. 10-11 (February 5, 2018), "revival would be a hazard to Pierre, who may face suit by Midland if it changed its policies or by someone else if Midland sold Pierre's debt to another, less principled creditor."

33. Fifth, in actively attempting to trick, mislead, confuse or deceive Plaintiff into paying the subject debt, Defendant declined to inform Plaintiff what the law clearly holds - that choosing to pay the settlement amount may restart the statute of limitations on the subject debt by another "less principled creditor".

34. "An unqualified admission that a debt is due and unpaid, accompanied by nothing said or done to rebut the presumption of a promise to pay it, it is sufficient to revive the debt against the Statute of Limitations." *Phillip Ross v. St. Clair Foundry Corporation*, 271 Ill.App. 271, 273 (4th Dist. 1933).

35. Sixth, in conjunction with failing to state that it will not revive the statute of limitations, Defendant also failed to explain to Plaintiff what constitutes a statute of limitations.

36. Seventh, Defendant's assertion that it may not sue her is an unlawful attempt to solicit a new promise to pay - which could be used by a subsequent holder or debt collector to revive the applicable statute of limitations.

37. Eighth, Defendant's assertion that "[w]e are not obligated to renew this offer" is an unlawful attempt to solicit a new promise to pay - which could be used by a subsequent holder or debt collector to revive the applicable statute of limitations.

38. Furthermore, this language is an attempt to deceive Plaintiff into believing she may have to pay a larger amount in the future.

39. Whether Defendant chooses to honor its statements does not avoid the fact that its statements are deceptive, false and misleading, as a change in management, a new debt buyer or another debt collector may choose not to honor Defendant's past promise.

40. In sum, Defendant's collection letter is calculated to induce a payment or a response from Plaintiff acknowledging the debt and a promise to pay.

41. In the event that Plaintiff makes a payment towards the subject debt, the clock will restart on the statute of limitations period for collecting upon the subject debt, either by Defendant upon a change in its policies or by another creditor in the future.

42. "A new promise to pay a past-due debt which removes a case from the running of the statute of limitations is unlike a normal bargain in that it creates a new debt ..." Axia Incorporated v. I.C. Harbour Construction Co. 150 Ill.App.3d 645, 645, 651-52 (2nd Dist. 1986).

43. Defendant offers no assurances as to its choice to forego enforcement of the statute of limitations since the statute of limitations may be revived by another debt collector.

44. Defendant's statements within the collection letter are not only deceptive, but baseless, and further add to the state of confusion perpetuated by Defendant's collection practices.

45. Defendant fails to advise Plaintiff that she may still be liable for the subject debt upon the subject debt's acquisition by another debt collector.

46. Defendant had no reason to believe that Plaintiff would be able to decipher its jumbled language in the collection letter, nor reconcile it with the conflicting legal nature of the alleged debt.

47. Defendant's communications are intentionally deceptive and confusing to consumers and are designed induce payment on debts that are time-barred.

48. Defendant's harassment techniques are designed to force unsophisticated consumers, such as Plaintiff, to pay time-barred debts in order avoid further harassment, embarrassment, and sheer annoyance.

49. Plaintiff has suffered from emotional distress as she believed that she may be sued for a debt for which she cannot be sued.

50. Plaintiff has incurred costs and expenses consulting with her attorneys as a result of Defendant's conduct.

### COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### INDIVIDUAL CLAIM

51. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

52. Defendant violated 15 U.S.C. §§1692e, e(10), and f, through its debt collection language used in Exhibit A.

#### a. Violations of 15 U.S.C. §1692e

53. Defendant violated 15 U.S.C. 1692e by failing to advise Plaintiff that she cannot be sued on the subject debt. The omission is deceptive because it is designed to coerce payment on a debt that cannot legally be enforced.

54. Defendant violated 15 U.S.C. §1692e(10) by employing deceptive means to collect the subject debt. Specifically, the collection letter used contradictory and confusing language to induce Plaintiff into paying a debt that cannot be legally enforced.

55. By failing to make clear that Plaintiff cannot be sued on the subject debt led Plaintiff to believe that she may eventually be sued on the subject debt.

#### b. Violations of 15 U.S.C. §1692f

56. Defendant violated 15 U.S.C. §1692f by employing unfair means to collect the subject debt from Plaintiff. Specifically, it is unfair for Defendant to conceal from Plaintiff the reality of making a payment on the subject debt.

57. By failing to inform Plaintiff that making a payment on the subject debt would restart the statutory period for another debt collector, or Defendant if it chooses to alter its policies, bringing

suit against her, Defendant acted with knowledge that its conduct would result in Plaintiff forfeiting protections lawfully afforded to her.

58. Defendant stated that "[w]e are not obligated to renew this offer," in order to confuse Plaintiff into believing she may have to pay this debt, in full, in the future.

59. The subject letter violates 15 U.S.C. § 1692f because it uses unfair and unconscionable means to attempt to collect the alleged debt by (a) failing to disclose that Defendant cannot sue to collect the alleged debt, (b) failing to disclose that even a partial payment or promise to pay may restart the relevant statute of limitations in the future and (c) advising Plaintiff that she had a payment deadline.

60. Pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to actual damages, statutory damages, attorneys' fees and costs.

**WHEREFORE**, Plaintiff LOURDES DENTINGER respectfully requests that this Honorable Court enter judgment in her favor and against Defendant as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding the maximum in statutory damages;

c. Awarding actual damages in an amount to be determined at trial, for the underlying FDCPA violations;

d. Awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k;  and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### CLASS ACTION CLAIM

61. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

62. As set forth above, Defendant violated 15 U.S.C. §§1692e, e(10), and f, through its debt collection language used in Exhibit A.

63. Plaintiff brings this Count on behalf of the following putative class

64. The proposed class can be defined as follows:

65. All persons with Texas addresses to whom Collecto, Inc. d/b/a EOS CCA sent, from October 4, 2017 through October 4, 2018, a letter containing the following statement: "To take advantage of this offer, you may pay online, through the mail, or by phone. We are not obligated to renew this offer.  Be advised this account is a time-barred debt and no legal action may be filed against you."

66. Pursuant to 15 U.S.C. § 1692k, Plaintiff and the Class are entitled to actual damages, statutory damages, attorneys' fees and costs.

67. The Class is so numerous that joinder of all individual members in one action would be impracticable, given the expected Class size and modest value of individual claims.

68. On information and belief, over 100 persons received the same letter during this time period.

69. Excluded from the Classes are: (a) Defendant, its agents, subsidiaries, parents, successors, predecessors, and any entity in which those parties, or their parents have a controlling interest, and those entities' current and former employees, officers, and directors; (b) the Judge to whom this case is assigned and the Judge's immediate family; (c) any person who executes and files a timely request for exclusion from the Class; (d) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (e) the legal representatives, successors and assigns of any such excluded person.

70. There are common questions of law and fact affecting members of the Class, which common questions predominate over questions that may affect individual members. These common questions include, but are not limited to:

> a. Whether Defendant mailed form letters to persons with Texas addresses seeking to collect alleged time-barred debt without disclosing that Defendant could not sue to collect the alleged debt;
>
> b. Whether Defendant mailed form letters to persons with Texas addresses seeking to collect alleged time-barred debt without disclosing that if alleged debtors made any payment toward the alleged debt, another debt collector may choose to enforce the revived legal ability to sue on the alleged debt;
>
> c. Whether Defendant mailed form letters to persons with Texas addresses seeking to collect alleged time-barred debt without disclosing that alleged debtors had the option of not paying anything toward the alleged debt without any legal repercussions; and
>
> d. Whether Defendant's sending of the form letters violated the FDCPA.

71. Plaintiff will fairly and adequately represent the Class members.

72. Plaintiff has no interests that conflict with the interests of Class members.

73. Plaintiff has retained counsel experienced in handling consumer class actions.

74. Neither Plaintiff nor her counsel has any interests that might cause them not to pursue these claims vigorously.

75. This action should be maintained as a class action because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual members that would establish incompatible standards of conduct for the parties opposing the Class.

**WHEREFORE,** Plaintiff, LOURDES DENTINGER, respectfully requests that this Honorable Court enter judgment in her favor and in favor of a putative class, and against Defendant, as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding the maximum in statutory damages;

c. awarding actual damages, in an amount to be determined at trial, for the underlying violations;

d. awarding Plaintiff costs and reasonable attorney fees; and

e. awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: October 30, 2018                                         Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com